**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MELINDA LINDOR,**<br>*Plaintiff,*<br>v.<br>**PORTFOLIO RECOVERY ASSOCIATES, LLC,**<br>*Defendant.* | Case No.<br><br>Complaint and<br>Demand for Jury Trial |

## COMPLAINT

Melinda Lindor ("Lindor" or "Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against Portfolio Recovery Associates, LLC ("PRA" or "Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the FDCPA claims in this action under 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the Commonwealth of Pennsylvania and because the occurrences from which

Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the Commonwealth of Pennsylvania.

4. Furthermore, Defendant knowingly availed itself to the Commonwealth of Pennsylvania by attempting to collect an alleged debt from a Pennsylvania resident.

5. Defendant also knowingly availed itself to this Commonwealth when it contacted Plaintiff's phone number beginning with a "267" area code, which is associated with the Commonwealth of Pennsylvania- specifically Greater Philadelphia.

6. Moreover, many of PRA's calls to Plaintiff came from a "267" area code, suggesting PRA placed the calls from Pennsylvania.

7. Where the events and occurrences underlying this action occurred within this District, venue is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

8. Plaintiff Lindor is a natural person, who resided in Chester, Pennsylvania at all times relevant to this action.

9. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Defendant PRA is a corporation with principal place of business, 120 Corporate Boulevard, Norfolk, Virginia 23502.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

12. Defendant sought to collect a "debt", as defined by 15 U.S.C. § 1692a(5) of the FDCPA.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

14. At all times relevant to this matter, Plaintiff was the customary user of a cell phone, the number for which was (267) XXX-0614.

15. Sometime in or around early June of 2026, PRA began in a campaign of relentless debt collection calls to Plaintiff's cell phone to collect an alleged credit card debt.

16. On June 9, 2026, Plaintiff received an email from PRA, attempting to collect that alleged credit card debt.

17. The alleged debt arose out of transactions which were for personal, family or household purposes.

18. Plaintiff responded to that email instructing PRA to cease and desist its collection activities, and explicitly not to contact her again by phone, text message or email.[1]

19. When the calls from PRA continued, the next day, on June 14, 2026, Plaintiff verbally instructed PRA to stop its collection calls and hung up.

20. Nevertheless, Plaintiff received six additional calls from Defendant between June 18 and July 4, 2026.

21. Because of the incessant calls from PRA, on July 5, 2026, Plaintiff forwarded her original do-not-call request via email to PRA at two additional email addresses identified by PRA as "PRA Customer Care" and "PRA Disputes" and once again instructed PRA to cease-and-desist its debt collection communications. A true and correct copy image of that email is copied below:

[1] That particular email address from PRA contains the words "noreply".



Fwd: Act now! Take a step towards resolving your debt Inbox

Melinda Li Jul 5
to pracustomercare, PRA_Disputes

Dear Portfolio Recovery Associates,

Please see the forwarded email below containing my original cease-and-desist request, which I sent on June 9, 2026, in response to your collection email.

I am forwarding it for your records and to ensure it is associated with my account and reviewed by the appropriate department.

Please process my request immediately, update your records, and confirm in writing that it has been received.

Thank you,

**Melinda Lindor**
267-979-0614
484-493-5777

22 E Parkway Ave
Chester, PA 19013

Begin forwarded message:

**From:** Melinda Li
<babyblue62688@aol.com>

Reply | Reply all | Forward

22. Even if PRA did not receive the original email from June 13, 2026, it **certainly** received the second email dated July 5, 2026.

23. Even after receiving the verbal cease-and-desist instruction and the written communication of same, PRA placed at least 15 *additional* collection calls to Plaintiff.

24. Defendant has continued to call on at least forty (40) occasions.

25. Defendant's calls made after Plaintiff's cease-and-desist request include, but are not limited to the following instances:

//

| **Date** | **Time** | **Calling number** |
|---|---|---|
| June 14, 2026 | 3:34 PM | 267-497-2076 |
| June 14, 2026 | 3:37 PM | 267-497-2076 |
| June 16, 2026 | 4:43 PM | 267-477-8986 |
| June 17, 2026 | 4:02 PM | 267-497-2076 |
| June 18, 2026 | 1:16 PM | 267-497-2076 |
| June 20, 2026 | 4:45 PM | 267-497-2076 |
| June 21, 2026 | 4:24 PM | 267-497-2076 |
| June 27, 2026 | 5:14 PM | 267-497-2076 |
| June 28, 2026 | 7:16 PM | 267-609-0120 |
| June 30, 2026 | 10:43 AM | 267-478-4230 |
| July 2, 2026 | 2:43 PM | 267-609-0120 |
| July 4, 2026 | 5:23 PM | 267-742-3489 |
| July 5, 2026 | 2:47 PM | 866-430-0311 |
| July 5, 2026 | **Second written cease and deist** | |
| July 7, 2026 | 4:53 PM | 215-703-5859 |
| July 9, 2026 | 4:42 PM | 267-573-3708 |
| July 11, 2026 | 2:50 PM | 267-477-8986 |
| July 11, 2026 | 2:53 PM | 267-477-8986 |
| July 13, 2026 | 5:36 PM | 9489 |
| July 14, 2026 | 4:12 PM | 267-783-1887 |
| July 16, 2026 | 7:05 PM | 6922 |
| July 21, 2026 | 3:34 PM | 267-529-2896 |

| | | |
|---|---|---|
| July 22, 2026 | 6:51 PM | 267-526-0911 |
| July 23, 2026 | 7:41 PM | 267-508-3028 |
| July 28, 2026 | 6:19 PM | 215-660-4082 |
| July 29, 2026 | 7:13 PM | 267-354-2932 |
| July 30, 2026 | 6:28 PM | 267-352-3369 |
| July 31, 2026 | 6:15 PM | 267-352-3322 |
| August 4, 2026 | 7:29 PM | 267-223-2379 |
| August 6, 2026 | 6:19 PM | 267-223-2371 |

26. Defendant's call campaign to Plaintiff is ongoing at the time of the filing of this Complaint.

27. Accordingly, the above list is non-exhaustive.

28. In order to confirm the source of the calls, on many instances, Plaintiff called the number back and would be greeted by an automated system identifying the recipient as "Portfolio Recovery Associates."

29. Accordingly, Plaintiff knew that each and every one of the above calls were made by or on behalf of Defendant.

30. Once Defendant knew its calls were unwanted and to stop calling, all further calls could have only been made solely for purposes of harassment.

31. In fact, Defendant made use of numerous different phone numbers to prevent Plaintiff from effectively blocking further calls.

32. As a direct and proximate result of PRA's telephone harassment, Plaintiff suffered stress and anxiety.

33. Defendant's incessant calls were upsetting, bothersome, disruptive and irritating to Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED § 1692c(c) OF THE FDCPA**

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3).

36. Defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

37. Section 1692c(c) of the FDCPA states that "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt […]".

38. Defendant violated § 1692c(c) of the FDCPA when it continued to place telephone calls to Plaintiff attempting to collect an alleged debt after receiving a written notice from Plaintiff that she did not wish to be contacted regarding the debt.

**COUNT II**
**DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA**

39. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

40. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

41. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

42. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff within the one-year period preceding the filing of this Complaint knowing at all times its calls were unwanted.

43. Because Plaintiff informed Defendant that she did not wish to be contacted, Defendant's repeated calls to Plaintiff had the natural consequence of harassing, oppressing, abusive, and annoying Plaintiff, and Defendant intended that its actions have these consequences.

WHEREFORE, Plaintiff, Melinda Lindor respectfully prays for judgment against Defendant, Portfolio Recovery Associates, LLC as follows:

a. All actual damages Plaintiff suffered, as provided in 15 U.S.C. § 1692k(a)(1));

b. Statutory damages of $1,000 for the violation of the FDCPA, as provided by 15 U.S.C. § 1692k(a)(2)(A));

c. All reasonable attorneys' fees, witness fees, court costs, and other litigation costs, as provided under 15 U.S.C. § 1693k(a)(3)); and

d. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Melinda Lindor, demands a jury trial in this case.

Respectfully submitted,

KIMMEL & SILVERMAN, P.C.

Dated: August 18, 2026

*/s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq.
PA Attorney ID: 311908
30 East Butler Ave.
Ambler, Pennsylvania 19002
Phone: (267) 468-5374
Email: jginsburg@creditlaw.com